UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM HEARN,
CDCR# AR-7111,
Plaintiff,
vs.
OSCAR RODIRIGUEZ, DANIEL BORBOA, ALBERTO MACIEL,
Defendants.

Case No.: 26-cv-0409-AJB-BJW

**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND DIRECTING CLERK OF COURT TO ISSUE A SUMMONS ON DEFENDANTS PURSUANT TO FED. R. CIV. P. 4(b)**

## I. INTRODUCTION

On January 20, 2026, Plaintiff William Hearn ("Hearn or "Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights action, along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1; 2.) In his Complaint, Hearn alleges Defendants violated his constitutional rights when they failed to act when Hearn informed them he was having a mental health crisis, was suicidal, and in need of mental health assistance. (*See* (Doc. No. 1.) On March 2, 2026, the Court denied Hearn's IFP motion and dismissed the action without prejudice, after determining Hearn had sufficient funds in his trust account to pay the filing fee. (*See* Doc. No. 3.) The Court gave Hearn 45 days to pay the filing fee and have his case reopened. (*Id.*) On April 7, 2026, Hearn paid the $405.00 filing fee. (Doc.

No. 5.) As discussed below, the Court screens the Complaint pursuant to 28 U.S.C. § 1915A(b), dismisses Plaintiff's official-capacity claims against Defendants, but finds Plaintiff's individual-capacity Eighth Amendment claims against Defendants meet the low threshold for surviving screening pursuant to pursuant to 28 U.S.C. § 1915A(b). The Court therefore directs the Clerk of Court to issue a summons on Defendants Maciel, Rodriguez and Borboa.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Legal Standard

Because Plaintiff is a prisoner seeking redress from governmental officers, his FAC requires screening pursuant to 28 U.S.C. § 1915A(a) before any of his claims may proceed. Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B. Factual Allegations**

In his Complaint, Hearn alleges that on the morning of July 19, 2024, while he was an inmate at Richard J. Donovan Correctional Facility, he notified correctional officer Maciel that he was having a "mental health issue" and requested "crisis help" because he was suicidal. (Doc. No. 1 at 3.) But instead of acting, Maciel dismissed Hearn's plea for help. (*Id.*) That same morning, Hearn also told correctional officer Rodriguez about his "dire situation" and asked for help. (*Id.* at 4.) Hearn told Rodriguez he was considering self-harm and "would absolutely be committing suicide." (*Id.*) Rodriguez was dismissive and walked away from Hearn's cell. (*Id.*) Sometime thereafter Seargeant Borboa came to Hearn's cell. Hearn told Borboa that there had been a death in his family which, along with other mental health issues, was causing him to be suicidal. (*Id.* at 5.) Hearn told Borboa that he would commit suicide "if no help intervened." (*Id.*) Borboa told Hearn he would "be back," and walked away. (*Id.*)

Shortly thereafter, Hearn attempted suicide by placing a plastic bag over his head until he lost consciousness. (*Id.* at 3, 5.) Medical personnel were able to revive him. (*Id.*)

After the incident Hearn filed an administrative grievance against Maciel, Rodriguez and Borboa. (*See id.* at 12–13.) Hearn claims that Maciel, Rodriguez and Borboa failed to act and failed to provide Hearn with proper, immediate medical attention were sustained. (*See id.* at 9–10.)

**C. Discussion**

Hearn names Maciel, Rodriguez and Borboa as Defendants, in both their individual and official capacities. (Doc. No. 1 at 2.) Hearn raises his claims pursuant to 42 U.S.C. § 1983 and he seeks money damages. (*Id.* at 7.) Under § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by "a person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Hearns alleges Defendants violated his Eighth Amendment rights when they failed to act after he informed them of his mental health

emergency, including his imminent intent to commit suicide, and requested help. (Doc. No. 1 at 3–5.)

### 1. Official Capacity Claims

To the extent Hearn sues Defendants in their official capacities, he fails to state a claim. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and as such are treated as claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1988) (finding claims against prison correctional officer, warden, and other officials in official capacity to be claims against the State). As such, the Eleventh Amendment bars a prisoner's § 1983 claims for money damages against state actors sued in their official capacities. *Michigan State Police Dep't v. Will*, 491 U.S. 58, 66 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."). Thus, to the extent Hearn is suing Defendants Maciel, Rodriguez, and Borboa in their official capacities and seeking money damages, the claims are **DISMISSED** as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915A(b)(2).

### 2. Individual Capacity Claims

Unlike official capacity claims, "state officials sued in their individual capacities are 'persons' for purposes of § 1983. *Hafer v. Melo*, 502 U.S. 21, 23 (1991). As such, the Eleventh Amendment does not bar Hearn's claims that Defendants Maciel, Rodriguez, and Borboa violated his Eighth Amendment rights while acting in their individual capacities.

Individual prison officials violate the Eighth Amendment's cruel and unusual punishments clause when they are "deliberately indifferent" to a prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 102–05 (1976). Such a violation "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 105).

Deliberate indifference includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Balla v. Idaho*, 29 F.4th 1019, 1025 (9th Cir. 2022) (citation and internal quotation marks omitted).

To meet the objective element of an Eighth Amendment claim, Plaintiff "must demonstrate the existence of a serious medical need." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). A medical need is serious "if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). To meet the subjective prong, a plaintiff must show the prison official acted with deliberate indifference such that the official "kn[e]w [] of and disregard[ed]" the substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (stating deliberate indifference requires the official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference"). The defendant need not have intended any harm; "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. Whether a prison official had the requisite knowledge of a substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id*. Indeed, a factfinder "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id*.

Here, Hearn alleges he informed Maciel, Rodriguez, and Borboa that he was suffering a "dire" mental health crisis, and having thoughts of committing suicide imminently, but each Defendant ignored his persistent pleas for help. (Doc. No. 1 at 3–5.) Hearn states that shortly after the officers ignored his appeals for emergency mental health assistance, he attempted to commit suicide by placing a plastic bag until he lost consciousness. (*See id.*) He was revived by medical personnel. (*Id.* at 3, 5.)

Taken as true, the Court finds the allegations contained in the Complaint are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b)

to state plausible Eighth Amendment claim against Defendants Maciel, Rodriguez, and Borboa acting in their individual capacities. *See Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) ("A heightened suicide risk or an attempted suicide is a serious medical need."), *cert. granted, judgment vacated sub nom. by City of Reno v. Conn*, 563 U.S. 915 (2011), *and opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011) (citations omitted); *see also Harmon v. Lewandowski*, No. 2009-cv-0943-VAP, 2021 WL 1557745, at *4–5 (C.D. Cal. Mar. 8, 2021) (finding allegations sufficient to state an Eighth Amendment claim where the plaintiff told the defendant he intended to commit suicide imminently and how he intended to do it, and the defendant took no action).

However, it does not appear Plaintiff has requested that the Clerk of Court issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P.4(b), or yet executed service of his Complaint upon any of the named Defendants. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (stating that absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## III. CONCLUSION

For the reasons set forth above, the Court hereby:

1. **DISMISSES** Plaintiff's official-capacity claims against Defendants Maciel, Rodriguez, and Borboa as barred by Eleventh Amendment immunity. *See* 28 U.S.C. § 1915A(b)(2).

2. **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Maciel, Rodriguez, Borboa, as identified in the Complaint pursuant to Fed. R. Civ. P. 4(b) so Plaintiff may execute service upon them as required by Fed. R. Civ. P. 4(c). Plaintiff must personally serve Defendants within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l) or procure a waiver of personal service as to each of these

Defendants pursuant to Fed. R. Civ. P. 4(d) within 90 days, or face dismissal without prejudice based on his failure to prosecute pursuant to Fed. R. Civ P. 4(m).[1]

**IT IS SO ORDERED.**

Dated: August 31, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, he remains "responsible for having the summons and complaint served within the time allowed by Rule 4(m)" now that his pleading has survived the *sua sponte* screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s time limit for service while it conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]-day service period is tolled until the court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).